**F I L E D**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★   FEB 24 2005   ★

**LONG ISLAND OFFICE**

RPD:ALB
F.#2002R02354

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

SHAHRAM ZARNIGHIAN,
    also known as "Sam,"

        Defendant.

- - - - - - - - - - - - - - X

S U P E R S E D I N G
I N F O R M A T I O N

Cr. No. 02-1213 (S-1)(DRH)
(T. 31, U.S.C., §§
5317(c), 5324(a)(3)
and 5324(d)(2); T. 21,
U.S.C., § 853(p); T. 18,
U.S.C., §§ 3551 et seq.)

THE UNITED STATES ATTORNEY CHARGES:

INTRODUCTION

The Currency Reporting Requirements

    At all times relevant to this Superseding Information, the currency reporting requirements provided as follows:

    1.  Transactions in currency were defined as transactions involving the physical transfer of money, as defined in Title 31, Code of Federal Regulations, Section 103.11(ii).

    2.  Domestic financial institutions were required to file a Currency Transaction Report (IRS Form 4789, hereinafter referred to as a "CTR") with the Internal Revenue Service for each transaction of currency or other payment or transfer by, through or to a financial institution, in excess of $10,000, pursuant to Title 31, United States Code, Section 5313 and Title 31, Code of Federal Regulations, Section 103.22.

3.  CTRs were filed with the IRS on forms that required, among other things, disclosure of the identity of the individual who conducted the transaction and of the individual or organization for whom the transaction was completed.  CTRs were required to be filed to assist the United States in criminal, tax and regulatory investigations and proceedings, as stated in Title 31, Code of Federal Regulations, Section 103.20.

4.  "Structuring" financial transactions meant the breaking down of large amounts of currency into amounts of $10,000 or less prior to transacting business with one or more domestic financial institutions or businesses in an attempt to evade currency reporting requirements, as defined in Title 31, Code of Federal Regulations, Section 103.11(gg).

5.  Manufacturers & Traders Trust Co., Commercial Bank and North Fork Bank were domestic financial institutions, pursuant to Title 31, United States Code, Section 5312(a)(2) and Title 31, Code of Federal Regulations, Section 103.11(n) and were subject to the CTR filing requirements described above.

### STRUCTURING OF FINANCIAL TRANSACTIONS

6.  The allegations contained in paragraphs one through five of this Superseding Information are hereby realleged and incorporated as if fully set forth in this paragraph.

7.  In or about and between December 2000 and June 2002, both dates being approximate and inclusive, within the

Eastern District of New York and elsewhere, the defendant SHAHRAM ZARNIGHIAN, also known as "Sam," for the purpose of evading the reporting requirements of Section 5313(a) of Title 31, United States Code, and the regulations prescribed thereunder, and as part of a pattern of illegal activity involving more than $100,000 in a twelve-month period, did knowingly and intentionally structure and assist in structuring transactions with domestic financial institutions, to wit: Manufacturers & Traders Trust Co., Commercial Bank and North Fork Bank, by: (a) breaking amounts of currency in excess of $10,000 into amounts of less than $10,000; and (b) depositing that currency into accounts held at Manufacturers & Traders Trust Co., Commercial Bank and North Fork Bank.

(Title 31, United States Code, Sections 5324(a)(3) and 5324(d)(2); Title 18, United States Code, Sections 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

8. The United States hereby gives notice to the defendant charged with the above offense that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 31, United States Code, Section 5317(c), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or conspiracy to commit such offense, and any property traceable to such property, including but not limited to, the following:

4

## Money Judgment

A sum of money equal to approximately $496,000.00 in United States currency.

### Specific Property

a.  All funds and other things of value deposited in or transferred to or through Manufacturers & Traders Trust Co. account number 8890157202, in the name of Shahram Zarnighian and/or Royal Palace of Great Neck, and all proceeds traceable thereto; and

b.  All funds and other things of value deposited in or transferred to or through Manufacturers & Traders Trust Co. account number 8890157210, in the name of Zab Tab, Inc. and/or Zar Tab, Inc., and all proceeds traceable thereto;

c.  All funds and other things of value deposited in or transferred to or through Manufacturers & Traders Trust Co. account number 8891544549, in the name of Royal Palace of Great Neck, and all proceeds traceable thereto;

d.  All funds and other things of value deposited in or transferred to or through Manufacturers & Traders Trust Co. account number 9831325619, in the name of Shahram Zarnighian, and all proceeds traceable thereto;

e.  the real property and premises located at 8 Hickory Drive, Old Brookville, New York 11545-2500;

        f.   the real property and premises located at 105
Northern Boulevard, Great Neck, New York;

        g.   approximately $9,000.00 in seized United States
currency;

        h.   One 2001 Lexus LX470 Wagon, VIN JTJHT00W013505032;
and

        i.   One 2002 Mercedes Benz G500 Truck, VIN
WDCYR49E82X128988.

        9.   If any of the above-described forfeitable property,
as a result of any act or omission of the defendant:

        (a)   cannot be located upon the exercise of due
diligence;

        (b)   has been transferred or sold to, or deposited
with, a third party;

        (c)   has been placed beyond the jurisdiction of the
court;

        (d)   has been substantially diminished in value; or

        (e)   has been commingled with other property which
cannot be divided without difficulty;
it is the intent of the United States, pursuant to Title 21,
United States Code, Section 853(p), to seek forfeiture of any

6

other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 31, United States Code, Section 5317(c); Title 21, United States Code, Section 853(p))

ROSLYNN R. MAUSKOPF
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

By: _____
Assistant U.S. Attorney

FORM DBD-34

JUN. 85

No. __

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

vs.

**SHAHRAM ZARNIGHIAN,**
also known as "Sam,"

Defendant.

T. 31, U.S.C., §§ 5317 (c), 5324 (a) (3) and 5324 (d) (2);
T. 21, U.S.C., §§ 853 (p); T. 18, U.S.C., §§ 3551 et seq.;

## SUPERSEDING
## INFORMATION

*A true bill.*

_____
                                    *Foreman*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day;*

*of* _ _ _ _ _ _ _ _ _ *A.D. 19* _ _ _ _

_____
                                    *Clerk*

*Bail, $* _ _ _ _ _ _ _ _ _ _ _

_____

ALLEN BODE, AUSA, (631) 715-7828